IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EARL HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 20-460-CFC |
| | ) |
| OFFICER DEREK CALLOWAY, et al., | ) |
| | ) |
| Defendants. | ) |

Earl Hayes, Teaneck, New Jersey. Pro Se Plaintiff.

Stephani J. Ballard, Esquire, Law Offices of Stephani J. Ballard, LLC, Wilmington, Delaware, Counsel for Defendant Officer Derek Calloway.

**MEMORANDUM OPINION**

January *19*, 2021
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Earl Hayes ("Plaintiff") proceeds *pro se* and has paid the filing fee. Before the Court is Defendant Officer Derek Calloway's ("Defendant") motion to dismiss for insufficiency of process pursuant to Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure. (D.I. 8)

## I. BACKGROUND

Plaintiff commenced this action on April 1, 2020, and paid the filing fee on May 5, 2020. (D.I. 1) On July 1, 2020, Plaintiff requested that the Clerk of Court provide him with the necessary documents so that he could arrange for service. (D.I. 5) The Clerk of Court responded and referred Plaintiff to the Electronic Civil Summons form for completion and advised Plaintiff that he would be required to mail for docketing the "summons returned executed" once service was complete. (D.I. 6) On August 6, 2020, Defendant filed a motion to dismiss for insufficiency of process pursuant to Fed. R. Civ. P. 4 and 12(b)(5).

## II. LEGAL STANDARDS

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 90-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

1

## III. DISCUSSION

Defendant seeks dismissal on the grounds that a copy of an undated summons and the complaint were delivered by an unknown female individual on or about July 20, 2020, to Officer Katie Couchman at the Georgetown Police Department office. (D.I. at 8 at 2). Defendant states that as of the date the motion to dismiss was filed (*i.e.*, August 6, 2020), Plaintiff had neither filed a return of service or personally served Defendant or any other official or employee of the Georgetown Police Department or Town of Georgetown. (*Id.*)

Defendant moves for dismissal under Fed. R. Civ. P. 4(m) on the grounds that the Complaint was not served within 90 days as required by Rule 4(m). Defendant argues that Plaintiff filed the Complaint on April 1, 2020 and, therefore, was required to serve him no later than June 30, 2020. Plaintiff responds that his efforts to serve were stymied by the novel coronavirus and the shutdowns caused by the pandemic. (D.I. 10)

Plaintiff commenced this action without paying the filing fee or seeking leave to proceed *in forma pauperis*. Following entry of an order, Plaintiff paid the filing fee on May 5, 2020. (*See* May 5, 2020 docket entry) In cases where a plaintiff proceeds *pro se*, it is the Court's practice to calculate the 90-day time from the date Plaintiff pays the filing fee – here, May 5, 2020. *See e.g., Simpson v. Wells Fargo Bank*, 2016 WL 10570967 (S.D.N.Y. Dec. 1, 2016) (even if the time to serve runs from the date on which Plaintiff's *in forma pauperis* motion was denied or when she paid the filing fee, Plaintiff still failed to meet the Rule 4 deadline). Because Plaintiff paid the filing fee on May 5, 2020, he had until August 3, 2020 (*i.e.*, 90 days) to effect service. In his

2

response, Plaintiff submitted documentation that his process server made a successful attempt at service on July 20, 2020.

Defendant next argues that even if service were timely, it did not constitute effective service under Rule 4(e) because Defendant was not personally served, Officer Couchman was not authorized in fact or by appointment or law to accept service on his behalf, and Plaintiff did not attempt service upon the Town of Georgetown or the George Police Department to constitute proper service. (D.I. 8 at 2-3) Plaintiff responds that he obtained the services of a process server to serve Defendant and was provided an affidavit of service that Defendant was served through Officer Couchman on July 20 2020. (D.I. 10 at 2) Plaintiff "believes" the process server received authorization to serve Defendant in the manner that he was served. (*Id.* at 3) The affidavit of service states: "Manner of Service: Authorized, Jul 20, 2020, 8:51 EDT . . . Additional Comments: 1) Successful Attempt: Jul 20, 2020 . . . received by Police Officer Derek Calloway c/o PFC Katie Couchman." (*Id.* at 4)

Rule 4(e) provides that service of summons upon an individual shall be made by "delivering a copy of the summons and of the complaint, to that individual personally," or by leaving copies thereof with a suitable person at the "individual's dwelling or usual place of abode," or by delivering a copy "to an agent authorized by appointment or by law" to receive service of process for the defendant.

Defendant is correct that he was not properly served. Plaintiff, however, proceeds *pro se*, relied on a professional process server who indicated there was a "successful attempt", and the Court affords Plaintiff some leniency. In addition, the

3

Court is satisfied that Plaintiff acted in good faith and exercised reasonable diligence in attempting to serve Defendant and in relying upon the representations of the process server. The Court, therefore, exercises its discretion and will give Plaintiff additional time to effect service upon Defendant. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) ("First the district court should determine whether good cause exists for an extension of time and if good cause is present, the district court must extend the time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its own discretion decide whether to dismiss the case without prejudice or extend the time for service.").

## IV.   CONCLUSION

For the above reasons, the Court will: (1) deny Defendant's motion to dismiss (D.I. 8); and (2) give Plaintiff additional time to effect service upon Defendant Derek Calloway.

An appropriate order will be entered.